UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

VERNECIA PETERS, ET AL      CIVIL ACTION NO. 17-cv-1278

VERSUS      CHIEF JUDGE HICKS

T & T FARMS INC., ET AL      MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

T&T Farms, Inc. and Canal Insurance Company removed this case based on an assertion of diversity jurisdiction, which puts the burden on them to plead facts that demonstrate complete diversity of citizenship. The allegations with respect to citizenship appear, on their face, to be adequate with the exception of the description of Canal Insurance Company. Canal describes itself in the notice of removal as "a foreign insurance company with its principal place of business in South Carolina."

Defendants will need to file an **Amended Notice of Removal** by **April 6, 2018** that clarifies Canal's citizenship. First, the amended notice should state whether Canal is a corporation or some other form of company. If it is a corporation, it will need to allege its state of incorporation to go along with the principal place of business stated in the original notice of removal. A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint or notice of removal must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation

or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001). If Canal is not a corporation, then it will need to allege its citizenship in accordance with the rules that apply to unincorporated associations. See Settlement Funding, LLC v. Rapid Settlements, Limited, 851 F.3d 530 (5th Cir. 2017).

There is no evidence of service in the record on **Laura Miller**, who is sued as the surviving spouse of Donald Miller. The Clerk will soon issue a notice of intent to dismiss with respect to that defendant. The court will set a scheduling conference once jurisdiction has been ascertained and Ms. Miller has either been (1) served and answered or (2) dismissed for lack of service.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 21st day of March, 2018.

_____
Mark L. Hornsby
U.S. Magistrate Judge