UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| VERNECIA PETERS, ET AL | CIVIL ACTION NO. 17-cv-1278 |
| VERSUS | CHIEF JUDGE HICKS |
| T & T FARMS, INC., ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Sammy and Vernecia Peters filed suit in state court for personal injuries they suffered in an auto accident. One of the defendants, Donald Miller, was alleged to have made a right turn in front of the plaintiffs' vehicle, which resulted in a collision. Mr. Miller died after the accident, and the plaintiffs substituted as defendant Laura Miller, as the surviving spouse of the estate of her husband, Donald L. Miller. Mr. Miller's employer and insurer removed the case based on an assertion of diversity jurisdiction.

The case was removed in October 2017. Federal Rule of Civil Procedure 4(m) allowed 90 days for the plaintiffs to effect service on all defendants. After service had not been made on Laura Miller within six months, the court issued a notice of intent to dismiss for lack of timely service. Plaintiffs requested and were granted an extension of time through May 29, 2018 to serve Ms. Miller. They represented that searches indicated that Ms. Miller resided in Star City, Indiana. Attempts at long-arm service had been returned unclaimed.

It has now been more than seven months since the case was removed, and the Plaintiffs have requested another extension of time. Their motion repeats the earlier

representation that efforts at long-arm service were returned unclaimed. There is no suggestion in the motion that the plaintiffs attempted personal service or service by any other means. The court nonetheless granted them an extension of time through July 6, 2018 to file proof of service on Ms. Miller.

Plaintiffs have also filed a Motion to Appoint Curator (Doc. 17). They assert that diligent efforts to serve Ms. Miller have been made, but there is no representation that efforts other than certified mail long-arm service have been attempted. There is no affirmative evidence that Ms. Miller is avoiding service. The Plaintiffs may simply have an incorrect address, or Ms. Miller may be unwilling to accept certified mail.

Plaintiffs invoke Federal Rule of Civil Procedure 4(e) and La. C.C.P. art. 5091, and ask the court to appoint an attorney/curator to represent Laura Miller on the grounds that she is an absentee. Plaintiffs' motion does not cite any authority, beyond the cited rules, for using this procedure in federal court. The issue was recently reviewed in <u>Lantz v. State Farm Mutual Auto Ins. Co.</u>, 2017 WL 662989 (M.D. La. 2017), and the court concluded that Art. 5091 is a Louisiana procedural mechanism that falls outside of the "state law for serving a summons" that is applicable under Rule 4(e)(1). Accordingly, Rule 4(e)(1) does not authorize the court to apply Louisiana procedural law to aid in service of process on an absentee tort defendant.

The undersigned is persuaded by the analysis in that decision, so Plaintiffs' **Motion to Appoint Curator (Doc. 17)** is **denied**. It is also questionable whether due process would permit entry of a default money judgment against a tort defendant who has no knowledge of the proceedings and has been served only through delivery of process to a

court-appointed curator. If Plaintiffs have other authority that they believe is persuasive on this issue, they may renew their request. On the showing made, it must be denied.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 24th day of May, 2018.

Mark L. Hornsby
U.S. Magistrate Judge